1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAURIE SUE DRAKE,
                                          No. CIV S-06-1956 DFL DAD PS
11              Plaintiff,

12        v.                              FINDINGS AND RECOMMENDATIONS

13   WOLPOFF & ABRAMSON, L.L.P.,

14              Defendant.
     _____/
15

16        This matter came before the court on February 23, 2007, for hearing on plaintiff's

17   motion for summary judgment.  Laurie Sue Drake, proceeding pro se, appeared on her own

18   behalf.  Margaret Ziemianek appeared telephonically on behalf of defendant.

19        Plaintiff commenced this action by filing a complaint in the Siskiyou County

20   Superior Court on June 30, 2006.  By her complaint, plaintiff alleges four violations of the Fair

21   Debt Collection Practices Act, 15 U.S.C. § 1692.  Plaintiff seeks actual damages in the amount of

22   $10,000.00 and statutory damages totaling $4,000.00.  Defendant removed the case to this court

23   on August 31, 2006, and filed its answer to the complaint on September 1, 2006.

24        Summary judgment is appropriate when it is demonstrated that there exists no

25   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

26   of law.  Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial

1

1   responsibility of informing the district court of the basis for its motion, and identifying those

2   portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

3   together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

4   of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P.

5   56(c)).

6          Where the party moving for summary judgment will bear the burden of proof at

7   trial, the party must come forward with evidence that would entitle it to a directed verdict if the

8   evidence were uncontroverted at trial. Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

9   Put another way, the party must establish the absence of a genuine issue of fact on each issue

10  material to its claim. Id. at 1537.

11         If the moving party meets its initial responsibility, the burden then shifts to the

12  opposing party to establish that a genuine issue as to any material fact actually does exist.

13  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l

14  Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles,

15  607 F.2d 1276, 1280 (9th Cir. 1979).  The opposing party must demonstrate that the fact in

16  contention is material, i.e., a fact that might affect the outcome of the suit under the governing

17  law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a

18  verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

19  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The

20  "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see

21  whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P.

22  56(e) advisory committee's note on 1963 amendments).

23         In this case, plaintiff's claims arise under the Fair Debt Collection Practices Act.

24  Under this Act, a debt collector is required to provide the consumer with a written notice that

25  "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the

26  debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15

U.S.C. § 1692g(a)(3).  The notice must also advise the consumer that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."  15 U.S.C. § 1962g(a)(4).

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Having considered plaintiff's complaint, all written materials submitted in connection with plaintiff's motion for summary judgment, and the parties' arguments in open court, the undersigned finds as follows:  on or before November 28, 2004, plaintiff received defendant's debt collection letter dated November 19, 2004; the letter, on law firm letterhead, states that the firm represents MBNA/Mastercard and specifies an account number and balance due; defendant's letter notes plaintiff's right to dispute the debt and includes a notice that the debt will be assumed to be valid if the consumer does not, "within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof"; in a note written on defendant's letter and in an accompanying letter dated November 28, 2004, plaintiff characterizes defendant's letter as an "offer to contract" and refuses the offer but does not dispute the debt, request verification of the debt, or include any words that imply a dispute or a request for verification of the debt; plaintiff's letter to defendant dated March 21, 2005, is plaintiff's first communication that disputes the validity of the debt; although defendant had no legal obligation to provide verification of the debt in response to plaintiff's untimely request, defendant sent verification

1    documents obtained from the MBNA to plaintiff on April 18, 2005; when plaintiff sent defendant

2    a letter dated December 9, 2005, in which she requests verification of the debt, defendant had no

3    obligation to provide verification documents.  As the party who will bear the burden of proof at

4    trial, plaintiff has not come forward with evidence that demonstrates a violation of the Fair Debt

5    Collection Practices Act.

6            Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's January 12, 2007

7    motion for summary judgment be denied.

8            These findings and recommendations will be submitted to the United States

9    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

10   ten (10) days after being served with these findings and recommendations, either party may file

11   written objections with the court.  Such a document should be captioned "Objections to

12   Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

13   objections within the specified time may waive the right to appeal the District Court's order.  See

14   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   DATED: February 26, 2007.

16

17   _____

18   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

19   DAD:kw
     ddad1\orders.prose\drake1956.oahf&r

20

21

22

23

24

25

26